IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QW MEMPHIS CORPORATION, ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | Case No. 3:04-0377 |
| v. ) | |
| ) | Judge Trauger |
| GRAPHIC COMMUNICATIONS ) | Magistrate Judge Knowles |
| UNION LOCAL 694-M, ) | |
| ) | |
|     Defendant/Counter-Plaintiff. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Motion for Reconsideration (Docket No. 38) filed by Defendant/Counter-Plaintiff the Graphic Communications Union Local 694-M ("the Union"), to which Plaintiff/Counter-Defendant QW Memphis Corporation ("Quebecor") has responded in opposition (Docket No. 41). The Union has moved the court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for an order reconsidering its judgment in favor of Quebecor and against the Union, issued on May 9, 2005. (Docket No. 38, Motion at 1; Docket Nos. 36, 37.) The Union asserts that reconsideration is appropriate because it contends that the court committed a clear error of law by failing to remand Arbitrator Fred C. Benedetto's February 21, 2004 arbitration award ("the Benedetto Award") to Arbitrator Benedetto for clarification of perceived ambiguities in the award.

Rule 59(e) provides that a party may file a motion to alter or amend a judgment no later than ten days after entry of that judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has observed that "[m]otions to alter or amend judgment may be granted if there is a clear error of law, newly

1

discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). A motion under Rule 59(e) is not an opportunity to reargue a case or to raise arguments that already have been, or could have been, raised in support of an initial motion. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The Union asserts that the court committed a clear error of law when it failed to address the "ambiguity exception" to the doctrine of *functus officio*, under which a court may remand an award to the arbitrator for clarification of certain ambiguities. (Docket No. 38, Memorandum at 2.) The Union argues that the court, in expressing "bewilderment" with Arbitrator Benedetto's language and phrasing, engaged in an improper interpretation of what the Union describes as Benedetto's "ambiguous reasoning," when it should have remanded the decision to the arbitrator for further clarification. *Id.* at 5, 7. The Union is correct when it asserts that this court did not directly address in its memorandum and opinion the Union's ambiguity argument, which the Union made over pages 23 and 24 of its brief in support of its motion for summary judgment (and briefly reiterated in response to Quebecor's motion for summary judgment). Therefore, the court will now address this argument to determine whether not explicitly doing so in the first instance constitutes a clear error of law.

A remand to the original arbitrator is proper, "both at common law and under the federal law of labor arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to him but not resolved by the award." *Green v. Ameritech*, 200 F.3d 967, 977 (6th Cir. 2000) (quoting *Indus. Mut. Ass'n, Inc. v. Amalgamated Workers, Local Union No. 383*, 725 F.2d 406, 413 n.3 (6th Cir. 1984)); *see also M & C Corp. v. Erwin Behr GmbH &*

2

*Co.*, 326 F.3d 772, 782 (6th Cir. 2003).[1] "The authority to order a remand derives from a recognized exception to the *functus officio* doctrine, which holds that an arbitrator's duties are generally discharged upon the rendering of a final award, when the arbitral authority is terminated." *M & C Corp.*, 326 F.3d at 782. The exceptions to the *functus officio* doctrine, under which remand is proper, include the following: "(1) where the arbitrator can correct a mistake which is apparent on the face of the award; (2) where the award does not adjudicate an issue which has been submitted, then as to the issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination; and (3) where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify." *Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local No. 24*, 357 F.3d 546, 554 (6th Cir. 2004) (internal quotation marks omitted); *see also Ameritech*, 200 F.3d at 977.

The Union argues that this court should have remanded to the arbitrator for clarification under the third exception. (Docket No. 38, Memorandum at 3.) Focusing on the last exception, the Sixth Circuit in *Sterling* observed that the Court has "recognized the need for an arbitrator's 'clarification of an ambiguous award when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation.'" *Id.* (quoting *Ameritech*,

---

[1] The Sixth Circuit in *Industrial Mutual* observed that, because common law rules of arbitration do not apply to actions to enforce or vacate labor arbitration awards under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the "circumstances in which it is proper to remand a labor arbitration award are therefore not limited to the two situations in which the common law would allow a remand." *Indus. Mut.*, 725 F.2d at 413 n.3. Nevertheless, subsequent decisions of the Sixth Circuit that have considered such actions in the labor arbitration context continue to define remand with respect to the exceptions to the common law *functus officio* doctrine. *See, e.g., Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local No. 24*, 357 F.3d 546, 553–54 (6th Cir. 2004).

200 F.3d at 977). In detailing the situations in which remand is proper under the third exception, the Union directs the court to two Sixth Circuit decisions in which the Court of Appeals ordered remand to the original arbitrator for clarification of an award. The court finds that neither of these cases compel remand to the original arbitrator in the present matter.

In *Sterling*, a dispute arose about the appropriate wage rate to be paid to a certain class of employees working on a specialty line of products in a pottery and chinaware production facility. *Sterling*, 357 F.3d at 549. As directed by the collective bargaining agreement, an arbitration proceeding was held to consider the union's grievance on the matter. The arbitrator sustained the union's grievance and ruled that the affected employees should be paid the difference between the wage rate they had been receiving and the higher base wage rate that had been paid to comparable employees since the time the specialty line was implemented. As the union and the company were attempting to work out the exact compensation to be paid to the affected employees, another dispute arose over the precise compensation to be paid to the employees during the "back pay period." The union considered the remedial portion of the arbitrator's award to be ambiguous and, over the company's objection, the arbitrator issued a supplemental award clarifying his intended remedy.

The Sixth Circuit agreed with the union that this situation was a proper one for the award to have been sent back to the arbitrator to clarify: "the parties here were confronted with an unexpected contingency after the award was issued: the matter of the exact definition of the 'higher base rate' that would be equivalent to the rate received" by the comparable employees since the time that the specialty line was implemented. *Sterling*, 357 F.3d at 554. The Court continued: "The Company can not say that the required remedy was 'clearly determined' by the

4

original arbitral award when the parties were clearly in dispute as to the interpretation of the remedy, and there was no numerical determination in the award." *Id.* Further, the Court found that the arbitrator's supplemental award properly drew its essence from the collective bargaining agreement when it utilized terms from the agreement, did not conflict with the agreement's express terms, and did not impose additional requirements not provided for in the agreement.

*Sterling* does not control the present case because the matter currently before the court is not one in which an unexpected contingency arose after the award was issued. The Union implicitly admits that *Sterling* is not exactly on point when it follows its discussion of *Sterling* with the following line: "However, the U.S. Court of Appeals for the Sixth Circuit does not require an unexpected contingency in order for a court to remand a decision to the arbitrator for clarification." (Docket No. 38, Memorandum at 4.) *Sterling* is further distinguishable from the matter at hand because it presented a specific, narrow ambiguity in the arbitrator's remedy that was quickly and definitively answered by the arbitrator's supplemental award. By contrast, and as discussed in greater detail *infra*, the Union here poses only wide-ranging ambiguity in the arbitrator's language that could not be so simply remedied.

The Union also points to the Sixth Circuit's decision in *Ameritech*, in which the court considered an issue outside of the labor arbitration context. The case had originated as a suit by a handful of employees of Ameritech against their employer, alleging discrimination under Michigan state law. *Ameritech*, 200 F.3d at 970. Before trial, the parties entered into an arbitration agreement which required, among other things, that the arbitrator's award be accompanied by an opinion explaining his decision with respect to each of the plaintiff's theories. The court case was thus dismissed with prejudice, the matter proceeded to arbitration,

5

and all of the plaintiffs except Daniel V. Green settled before the arbitration proceeding concluded. After some delay, during which the arbitrator urged the remaining parties to settle, the arbitrator finally issued a concise opinion in favor of Ameritech.

Green argued that the opinion should be set aside, in part because the arbitrator had allegedly breached the arbitration agreement by failing to explain his decision with respect to each of Green's theories. The Court of Appeals rejected Green's argument, finding that, although the arbitrator's opinion was minimal, the arbitration agreement contained only an inexact requirement of an "explanation" as to each theory, and the arbitrator had complied with this requirement by briefly discussing each of the plaintiff's separate theories in his opinion before denying recovery on each. The Court continued by saying that, had it found that the arbitrator had failed to adequately "explain" his award as required by the arbitration agreement, the proper remedy would have been to remand the matter to the same arbitrator for clarification under the third exception to the *functus officio* doctrine. By doing so, the Court would have only been requiring the arbitrator to complete an incompletely executed task by clarifying his reasoning, not requiring him to reconsider the merits of the case.

By citing to *Ameritech*, the Union appears to argue that remanding an inadequately explained award to the original arbitrator to clarify his reasoning is generally proper under the third exception to the *functus officio* doctrine. However, the Union overlooks a key caveat in the Sixth Circuit's discussion of the case. In *Ameritech*, the Sixth Circuit observes that courts usually remand to the original arbitrator for clarification of an ambiguous award when the award fails to address a later-observed contingency or "when the award is susceptible to more than one interpretation." *Ameritech*, 200 F.3d at 977. The Court continues: "While a failure fully to

6

explain an award does not leave such an interpretive gap, we believe that it would nevertheless authorize a remand based on this third exception to the *functus officio* doctrine." *Id.* At this point in the opinion the following footnote appears:

> Remand on this basis would be authorized only because the parties' agreement imposed a duty of explanation on the arbitrator. We stress that *in the ordinary case remand for the purpose of having the arbitrator clarify his reasoning would be inappropriate.*

*Id.* at 978 n.9 (emphasis added). In the present case, the collective bargaining agreement imposes no such duty of explanation on the arbitrator. Thus, the present case appears to be just such an "ordinary case" in which remand for the purpose of having the arbitrator clarify his reasoning would be inappropriate. *Ameritech* does not require that the Benedetto Award be remanded for clarification.

In addition to not being compelled by the case law, the Union's request for remand fails to specify a clear basis on which remand would be warranted. It is true that the Sixth Circuit has noted that, "we are not required to enforce an award that is not clear as to its meaning and effect." *Int'l Bhd. of Elec. Workers, Local 369, AFL-CIO v. Olin Corp.*, 471 F.2d 468, 472 (6th Cir. 1972) (finding an ambiguity in the arbitrator's opinion and award and remanding to the arbitrator for a specific finding on how to compute the appropriate compensation due to the appellee). "[F]or a court to engage in guesswork as to the meaning and application of an ambiguous arbitration award is inconsistent not only with federal policy, but also with the parties' own agreement to submit their dispute to arbitration." *M & C Corp.*, 326 F.3d at 782. However, a court must be directed to some specific ambiguity before it can "undertake a meaningful review of whether the award is ambiguous or whether the circumstances are appropriate for a remand to the arbitrator." *Id.* at 783. Thus, in *M & C Corporation*, the Sixth

7

Circuit remanded to the district court to specify exactly how the arbitral award in question was "unclear as to its application" or which issue submitted to the arbitrator was "not fully adjudicated" before it could undertake such an analysis. *Id.*[2] In this case, the Union points to no specific ambiguity in the arbitral award which might be properly remanded to Arbitrator Benedetto for clarification. The Union merely asserts that there is essentially global ambiguity in the Benedetto Award because of the arbitrator's artless drafting: "There is no dispute among the parties or the Court that Arbitrator Benedetto's *language* in the arbitration decision is ambiguous." (Docket No. 38, Memorandum at 6) (emphasis added). In fact, although this court in its memorandum opinion expressed frustration with the Benedetto Award's frequent grammatical errors and indirect structure, it never stated that it found his language or reasoning "ambiguous." Moreover, contrary to the Union's assertion, Quebecor *does* dispute that it finds Arbitrator Benedetto's language to be ambiguous. (Docket No. 41 at 2, 3.)

The Union appears to conclude that the court perceived ambiguity in the Benedetto Award when it observed that, because of the arbitrator's artless drafting, "following the arbitrator's reasoning is a difficult task." (Docket No. 36 at 13.) However, this court had no difficulties in concluding that, by interpreting employee phone access to be a binding past practice in spite of express contractual language prohibiting such a conclusion and by relying on

---

[2]On a subsequent appeal, in which the Court reviewed the "ambiguities" that the district court identified as a result of the Sixth Circuit's decision discussed above, the Court of Appeals concluded that the portions of the arbitration award and the contract that the district court had identified were actually unambiguous and therefore found that the district court had erred in remanding to the arbitrator for further clarification. *M & C Corp. v. Erwin Behr GmbH & Co.*, -- F.3d --, 2005 U.S. App. LEXIS 11545, at *19 (6th Cir. June 17, 2005). Concluding that a further remand would be only "invite further delay in this protracted litigation," the Sixth Circuit retained jurisdiction over the case and ordered the parties to submit a joint stipulation on the remaining disputed issue. *Id.* at *3.

considerations of fairness and equity instead of on the exact terms of the Agreement, the arbitrator went beyond the bounds of his mandate, failed to even arguably construe or apply the contract, and failed to draw the essence of his decision from the collective bargaining agreement.[3] The Union's complaint of global ambiguity does not require remand.

The Union also appears to conclude that the court perceived ambiguity in the Benedetto Award when this court stated, during its detailed exposition of the Benedetto Award, the following:

> The arbitrator next makes reference to Quebecor's argument that the management rights, settlement of grievances, and zipper clause provisions all prohibit the Union from asserting any rights to "working conditions" and protect Quebecor from any past practices that are not written into the agreement. *It is unclear whether this discussion is meant as an interruption to the arbitrator's analysis of his own authority to hear the case or if it is meant as an explication of a portion of Quebecor's argument about why the arbitrator has no such authority. Whatever purpose it serves*, the arbitrator merely presents Quebecor's argument without evaluating it.

(Docket No. 36 at 11) (emphasis added and footnote omitted). It is true that the court here is expressing the fact that the function of one paragraph of the arbitrator's opinion is unclear and that the paragraph could be functioning in either of two ways as part of the arbitrator's larger discussion of his authority to hear the case. However, there are several reasons why this lack of clarity is irrelevant. First, the court goes on to observe that whichever of the two functions this

---

[3]The Union admits that it is within the court's province to determine if an arbitral award draws it essence from a collective bargaining agreement, but contends that "when this proves difficult because of poor or incomplete drafting, the arbitrator is entitled to explain himself." (Docket No. 38, Memorandum at 6.) The Union cites to no authority for this proposition; thus, the court assumes that it is mere argument. The Sixth Circuit *has* said that an arbitrator is "entitled to clarify" the ambiguity that arises when an award, "although seemingly complete, leaves doubt whether the submission has been fully executed." *Sterling,* 357 F.3d at 554. The Union stretches this statement to suggest that an arbitrator is "entitled to clarify" whenever there is *any* doubt or ambiguity in the arbitral decision; however, the statement of law is not that broad.

9

paragraph might be intended to serve, the paragraph is effectively neutralized because the arbitrator completely sidesteps it:

> Whatever purpose it serves, the arbitrator merely presents Quebecor's argument without evaluating it. He does not interpret the language of the provisions to discern the parties' rights and obligations under them, nor does he credit or dismiss Quebecor's assertion. He sidesteps the argument, moving on to say, "At any rate, the record indicates the matter of telephone access was not discussed in the first negotiations of December 2000," and citing testimony to support his conclusion that there was no discussion of employee phone access during the negotiation of the Agreement.

(Docket No. 36 at 11.) In other words, the arbitrator moves on to another topic without addressing the argument he has raised. The court expresses no equivocation about the arbitrator's utter failure to address the argument; therefore, any lack of clarity in the paragraph's function has no effect. Furthermore, this "unclear" paragraph is contained within that portion of the arbitrator's opinion that addresses his own authority to hear the case between the two parties. On summary judgment, Quebecor did not challenge the arbitrator's authority, nor did his authority factor into this court's opinion. Therefore, any lack of clarity posed by this paragraph is doubly irrelevant.

Although the Union asserts that the "Court clearly found the Benedetto Award ambiguous" (Docket No. 38, Memorandum at 2), nowhere in its memorandum opinion did this court find that any aspect of Arbitrator Benedetto's award was "ambiguous," nor did the court find the opinion and award unclear in any matter relevant to determining whether or not Arbitrator Benedetto based his award on a construction of the collective bargaining agreement. Therefore, the court concludes that it committed no clear error of law that would require an alteration of its prior order.

For the reasons expressed herein, the Union's Motion for Reconsideration (Docket No.

38) is **DENIED**.

It is so ordered.

Enter this 1st day of July 2005.

_____
ALETA A. TRAUGER
United States District Judge